# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TOMMIE L. CARTER,**

    Plaintiff,

v.                                           **Case No. 23-CV-1544**

**BRENT JOHNSON,**

    Defendant.

## ORDER

    Tommie L. Carter, who is incarcerated and representing himself, has filed several motions. Carter filed a motion for court-ordered mediation, (ECF No. 23); a motion for a polygraph examination, (ECF No. 24); a motion for a protective order, (ECF No. 25); a motion to strike the defendant's answer, (ECF No. 26); a motion for the court to order the defendant to provide a medical authorization form, (ECF No. 27); a motion for a preliminary injunction, (ECF No. 29); a motion for an evidentiary hearing on the preliminary injunction, (ECF No. 30); and a motion to appoint counsel, (ECF No. 35).

### MOTION FOR MEDIATION (ECF NO. 23)

    This is Carter's second motion requesting the court to refer this case to mediation. When the court resolved his first motion, the court noted his request was premature, because the defendant's attorney had not yet appeared in this case. (ECF No. 14.) The court also informed Carter that once the defendant's attorney appeared in the case, he could discuss the possibility of mediation with him or her. Then, if both parties agreed,

they could jointly notify the court that they would like the case to be referred to mediation. The court explicitly stated that it would not refer the case to mediation unless both parties agree.

In his second motion, Carter gives no indication whether he discussed the possibility of mediation with the defendant's lawyer, or whether the defendant would agree to mediation. Carter's motion for a court-ordered mediation is denied.

## MOTION FOR POLYGRAPH EXAMINATION (ECF NO. 24)

Carter requests the court to order that he be allowed to submit to a polygraph examination about the incident underlying his complaint. He reiterates the allegations in his complaint and says the polygraph examination would "prove that he is being truthful about everything that happened." (ECF No. 24, at 1–2.)

This request is unnecessary. Putting aside whether the results of a polygraph would even be admissible evidence, Carter is obligated to be truthful in *all* filings before this court. *See Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022). The court will not order an unnecessary polygraph examination to "prove" that he is being truthful. At the appropriate time, he can tell his version of events in a declaration that he swears is true under penalty of perjury. That is a sufficient way for him to present his facts and version of the events. Carter's motion is denied.

## MOTION FOR A PROTECTIVE ORDER (ECF NO. 25)

Carter requests a protective order because he is concerned the relevant records "will be purged/destroyed absent a court order." (ECF No. 25 at 1.) Carter says that the "defendant should take reasonable steps to preserve any electronically stored

2

information that may be relevant to the litigation." (*Id.* at 1.) He asks that the court enter an order to preserve all prison records. (*Id.* at 2.)

This motion is also unnecessary. Parties have an obligation to preserve potential evidence while the litigation is ongoing. The court will not enter an order telling the defendant to do something that he should already know to do. If the parties later discover missing information relevant to this case, a remedy under Rule 37(e) may be appropriate. *See* Fed. R. Civ. P. 37(e)(1), (2). But the court will not enter an order that presumes the defendant is going to engage in misconduct during this litigation. Carter's motion is denied.

### MOTION TO STRIKE THE DEFENDANT'S ANSWER (ECF NO. 26)

Carter asks the court to strike the defendant's answer because it contains one affirmative defense that Carter believes "is clearly irrelevant to the sole claim" in his complaint. (ECF No. 26 at 1.) The defendant asserts the affirmative defense of sovereign immunity, which Carter says "is not a viable response to the plaintiff's federal constitutional claims for damages against the Defendant in his individual capacity." (*Id.*) Carter opines that defense counsel "simply included a laundry list of affirmative defenses without considering whether the defenses were relevant to the claim in this case." (*Id.*) He asks the court to "strike the Defendants affirmative defenses of sovereign immunity." (*Id.* at 2.)

Federal Rule of Civil Procedure 12(f) provides that the court may, on its own or on motion by a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike an affirmative

3

defense generally are disfavored because they often only delay, rather than expedite, the proceedings. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). District courts have discretion in deciding motions to strike. *See Zuppardi v. Wal-Mart Stores, Inc.,* 770 F.3d 644, 647 (7th Cir. 2014).

Carter asserts that the affirmative defense of sovereign immunity included in the defendant's answer is irrelevant to his claim, which seeks to proceed against the defendant in his individual capacity only. Although that may be correct, it is not a reason to strike the defendant's answer and require him to amend or refile it. The defendant, a state employee, is entitled to assert that he is entitled to immunity and otherwise to defend against Carter's allegations that he caused Carter's injuries. Carter may address the merits of any affirmative defense that the defendant later raises through his response to a summary judgment motion or at trial, if one is necessary.[1] The court denies Carter's motion to strike the defendant's answer because it is unnecessary and has served only to delay, rather than expedite, these proceedings.

**MOTION FOR AN ORDER DIRECTING THE DEFENDANT TO PROVIDE CARTER WITH A MEDICAL AUTHORIZATION FORM (ECF NO. 27)**

Carter wants the court to order the defendant to provide him with a medical authorization form "to prevent any problems (or the Defendant from claiming they have not received authorization for disclosures of [Carter's] medical record or they lack knowledge) with the discovery process." (ECF No. 27.) The plaintiff also asks the court

---

[1] Carter similarly may present his argument that the defendant is not entitled to qualified immunity at the appropriate time, such as in response to the defendant raising the defense of qualified immunity in a motion to dismiss or for summary judgment. The court will take no action on his March 15, 2024 letter presenting his position on that issue. (ECF No. 28.)

4

to enter an order preventing the defendant "from falsifying information in their response to admissions and interrogatories." (*Id.*) He says that the litigation coordinator at Waupun Correctional Institution "helps the Defendant lie under oath." (*Id.*)

Carter once against is asking the court to assume that the defendant will engage in misconduct during the litigation. The court will not make any such assumptions. Defense counsel knows the rules of discovery, including the obligation to be truthful and forthcoming. The court encourages *both parties* to conduct discovery civilly and amicably to avoid problems that might require additional requests or motions from either party.

**MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 29) AND MOTION FOR EVIDENTARY HEARING (ECF NO. 30)**

Carter seeks an order enjoining the defendant from using ineffective suicide prevention measures and requiring the defendant to implement several additional measures to prevent a prisoner from harming himself. (ECF No. 31 at 9.) He also seeks a transfer to the Wisconsin Resource Center (WRC). (*Id.*)

In order to receive injunctive relief, either through a temporary restraining order or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Fed. R. Civ. P. 65(b); *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dept. of Health*, 669 F.3d 962, 972 (7th Cir. 2012). Prisoner litigation also has an additional requirement that injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to

5

correct that harm." 18 U.S.C. § 3626(a)(2); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).

For relief, Carter seeks additional training of staff to handle acts of self-harm; a system to alert staff about prisoners who have a propensity to self-harm; one-on-one supervision of prisoners to prevent self-harm; using x-ray machines and strip searches to ensure prisoners do not have implements with which to hurt themselves; padded cells; mechanical and therapeutic restraints; a treatment plan that is specifically tailored to Carter's mental health needs; and a transfer to WRC. These requests are not narrowly drawn and are not the least intrusive means necessary to ensure that Carter does not engage in future self-harm. Carter is entitled to reasonable measures of protection against self-harm, but he is not entitled to demand the particular medical and psychological treatment he receives. *See Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017).

Though the defendant has provided the court with over 500 pages of medical records, which made the record quite cumbersome, the court was still able to discern via Carter's medical records that there is no dispute that Carter already has a tailored mental health treatment plan. (ECF No. 41, ¶¶ 12–23.) *See Scott v. Harris*, 550 U.S. 327, 376 (2007) (holding that a court need not adopt a party's version of events where it is blatantly contradicted by the record). Additionally, there is no dispute that Carter is not availing himself of the treatments and therapy available to him. (*Id.*) Carter's medical records show that he does not follow his doctors' individualized behavioral management plans and does not attend group therapy. Thus, Carter's claim that he

6

would suffer irreparable harm without the preliminary injunction does not hold water because, at minimum, he could abate the risk of self-harming by following his doctors' orders.

Additionally, there is no dispute that many of the forms of relief Carter demands are already implemented at Carter's institution—including individualized treatment plans, mechanical and therapeutic restraints, and 15-minute checks when a prisoner is on observation status. The other relief Carter seeks is too costly and burdensome for the court to order, such as one-on-one supervision of prisoners prone to engaging in self-harm. As for the transfer to WRC, such a request is beyond the scope of what a court can order. *See Westefer* at 683.

Because Carter has not demonstrated that he would suffer irreparable harm should the court not grant his preliminary injunction, and because the relief he seeks is not narrowly drawn, his motion for a preliminary injunction is denied. Because the court resolved the motion for a preliminary injunction, Carter's motion for an evidentiary hearing is denied as moot.

## MOTION TO APPOINT COUNSEL (ECF NO. 35)

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few

7

Case 2:23-cv-01544-NJ  Filed 07/31/24  Page 7 of 10  Document 45

lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022). Carter included proof that he attempted to hire an attorney on his own, satisfying the first prong. (ECF No. 35-1.)

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual

8

capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

Carter states he needs a lawyer because his case requires evidence of medical records and because he is mentally ill. (ECF No. 35 at 2-4.) However, Carter is a seasoned litigator in this case, having brought over 30 previous cases before the court, many of them he successfully settled. In short, he has demonstrated that he is able to adequately litigate his case. He has not demonstrated that his circumstances have so changed that he is no longer competent. He does not describe how his mental illness will impede his ability to engage in discovery and respond to a dispositive motion. Indeed, as this order demonstrates, he is able to file several motions, which demonstrates he is able to aggressively litigate this case. His motion is denied.

**IT IS HEREBY THEREFORE ORDERED** that Carter's motion for court-ordered mediation, (ECF No. 23), is **DENIED.**

**IT IS FURTHER ORDERED** that that Carter's motion for a polygraph examination, (ECF No. 24), is **DENIED.**

**IT IS FURTHER ORDERED** that Carter's motion for a protective order, (ECF No. 25), is **DENIED.**

**IT IS FURTHER ORDERED** that Carter's motion to strike the defendant's answer, (ECF No. 26), is **DENIED.**

**IT IS FURTHER ORDERED** that Carter's motion for the court to order the defendant to provide a medical authorization form, (ECF No. 27), is **DENIED.**

**IT IS FURTHER ORDERED** that Carter's motion for a preliminary injunction, (ECF No. 29), is **DENIED.**

**IT IS FURTHER ORDERED** that Carter's motion for an evidentiary hearing on the preliminary injunction, (ECF No. 30), is **DENIED.**

**IT IS FURTHER ORDERED** that Carter's motion to appoint counsel, (ECF No. 35), is **DENIED.**

Dated at Milwaukee, Wisconsin this 31st day of July, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge